UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

        Plaintiff,

v.                                                Case No.:

BETTY JEAN WALKER, MICHELLE ROPPOLO,
individually and as *Curatrix* of BETTY JEAN
WALKER,

        Defendants.

## COMPLAINT IN INTERPLEADER

Plaintiff, The Prudential Insurance Company of America ("Prudential"), by and through its undersigned attorneys, for its Complaint in Interpleader alleges as follows:

### PARTIES

1.    Prudential is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey. Prudential is duly authorized to do business in the State of Louisiana.

2.    Upon information and belief, Betty Jean Walker is an adult citizen of Louisiana and domiciled in Bossier Parish, Louisiana, and may be served through her daughter and *Curatrix,* Michelle Roppolo.

3.    Upon information and belief, Michelle Roppolo is an adult citizen of Louisiana and domiciled in Bossier Parish, Louisiana.

### JURISDICTION AND VENUE

4.    This Court has original federal question jurisdiction under the provisions of 28 U.S.C. § 1331, which gives the District Court jurisdiction over actions arising under the laws of

the United States. At issue are life insurance plan benefits provided to the Department of Veterans Affairs pursuant to the Servicemembers' Group Life Insurance Act, 38 U.S.C. 1965 *et seq*.

5. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

6. Prudential, through the Office of Servicemembers' Group Life Insurance ("OSGLI"), provides Group Life insurance benefits pursuant to the SGLI statute, 38 U.S.C. 1965 *et seq.*, to the United States Department of Veterans Affairs under group policy number G-32000 ("SGLI Plan").

7. As an eligible veteran of the United States Air Force, Robert Walker (the "Insured"), at all times relevant, received Veterans Group Life Insurance ("VGLI") coverage under the SGLI Plan ("VGLI Coverage").

8. By online designation on or about October 24, 2005, the Insured designated his spouse, Betty Jean Walker, as sole primary beneficiary to his VGLI Coverage .

9. Upon information and belief, the Insured died on February 17, 2019, and his death was ruled a "homicide". *A copy of the Insured's Certificate of Death is attached hereto as Exhibit 'A'*.

10. As a result of the death of the Insured, VGLI death benefits in the amount of $50,000.00 (the "Death Benefit") became due to a beneficiary or beneficiaries and Prudential concedes liability to that effect.

11.     Upon information and belief, the Insured is survived by his wife, Betty Jean Walker, and his daughter, Michelle Roppollo.

12.     Upon information and belief, Betty Jean Walker has been criminally charged with Second Degree Murder in connection with the death of the Insured.

13.     By Letters dated August 7, 2019, the Twenty-Sixth Judicial District Court for the Parish of Bossier in the State of Louisiana in the matter captioned, <u>In re Interdiction of Betty Jean Walker</u>, and bearing Docket Number C-159864, (the "Interdiction Action") appointed and confirmed "Michelle Lynn Roppolo" as *Curatrix* over Betty Jean Walker's person and property. *A copy of the Letters certifying that appointment is attached hereto as* **Exhibit 'B'**.

14.     In addition, on or about August 7, 2019, the Court in the Interdiction Action, ordered that Betty Jean Walker be placed under a full interdiction. *A copy of the Judgment of Full Interdiction is attached hereto as* **Exhibit 'C'**.

15.     As a result of the criminal charges against Betty Jean Walker, she may be disqualified from receiving the Death Benefit under the SGLI Slayer Regulation, 38 C.F.R. § 9.5(e), which prohibits payment of "proceeds payable because of the death of an individual insured under Servicemembers' Group Life Insurance" to:

> (i)     a person who is convicted of intentionally and wrongfully killing the decedent or determined in a civil proceeding to have intentionally and wrongfully killed the decedent;
> (ii)    a person who is convicted of assisting or aiding, or determined in a civil proceeding to have assisted or aided, a person described in paragraph (e)(2)(i) of this section; and
> (iii)   a member of the family of a person described in paragraph (e)(2)(i) or (e)(2)(ii) of this section who is not related to the decedent by blood, legal adoption, or marriage.

*38 C.F.R. § 9.5(e)(1) and (2).*

16. By Claim for Death Benefits form dated September 11, 2019, Michelle Roppolo, in her capacity as *Curatrix* over Betty Jean Walker's person and property, asserted a claim to the Death Benefit. *A copy of the Claim for Death Benefits form is dated September 11, 2019 is attached hereto as **Exhibit 'D'**.*

17. If the Court determines that Betty Jean Walker is disqualified from receiving the Death Benefit pursuant to 38 C.F.R. § 9.5 (e)(4)(i), the Death Benefit would be payable to Michelle Roppolo, as the Insured's only child. *See 38 U.S.C. § 1970(a); 38 C.F.R. §9.5 (e)(4)(i).*

18. Due to Michelle Roppolo's individual interest in the Death Benefit, she may have a conflict of interest as a result of her appointment as *Curatrix* over Betty Jean Walker's person and property with respect to Betty Jean Walker's interest in the Death Benefit.

19. Under the circumstances, Prudential cannot determine factually or legally who is entitled to the Death Benefit. By reason of the actual or potential claims of the interpleading parties, Prudential is or may be exposed to multiple liability.

20. Prudential is ready, willing and able to pay the Death Benefit, plus applicable interest, if any, in accordance with the terms of the SGLI Plan and SGLI Statute to whomever this Court shall designate.

21. As a mere stakeholder, Prudential has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefit and respectfully requests that this Court determine to whom said benefits should be paid.

22. Prudential accordingly will deposit with the Court the Death Benefit, plus applicable interest, if any, for disbursement in accordance with the judgment of this Court, or pursuant to an Order of the Court, will pay the Death Benefit directly to whomever this Court determines to be entitled to the proceeds.

23. There is no fraud or collusion between Prudential and any of the other parties. Prudential brings this Complaint in Interpleader of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, Prudential prays that the Court enter judgment:

(a) Appointing a Guardian *ad litem* on behalf of Betty Jean Walker for purposes of representing her interests in the Death Benefit in this action;

(b) requiring the Defendants to answer this Complaint in Interpleader and litigate their claims between themselves for the Death Benefit;

(c) requiring the Defendants to settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefit should be paid;

(d) permitting Prudential to deposit the amount of the Death Benefit, plus applicable interest, if any, into the Court or as this Court otherwise directs to be subject to the Order of this Court and to be paid out as this Court shall direct;

(e) discharging Prudential from any and all further liability to the Defendants that relates in any way to the Insured's coverage under the SGLI Plan and/or the Death Benefit upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(f) enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court concerning the Death Benefit or otherwise in connection with the Insured's coverage under the SGLI Plan;

(g) awarding Prudential its attorneys' fees and costs in their entirety; and

(h) awarding Prudential any other and further relief that this Court deems just and proper.

Respectfully submitted,

*/s/ Judy L. Burnthorn*
**JUDY L. BURNTHORN (#17496)**
**ANDREW J. BAER**
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA 70130
Telephone: 504 581 5141
jburnthorn@deutschkerrigan.com
abaer@deutschkerrigan.com
*Counsel for The Prudential Insurance Company of America*