UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA | CIVIL DOCKET NO. 5:19-cv-01592 |
| VERSUS | DISTRICT JUDGE ELIZABETH E. FOOTE |
| BETTY JEAN WALKER, MICHELLE ROPPOLO, Individually, as *Curatrix* of BETTY JEAN WALKER, and as TRUSTEE OF THE ROBERT WALKER TESTAMENTARY TRUST | MAGISTRATE JUDGE MARK L. HORNSBY |

## J U D G M E N T

On August 25, 2020, Michelle Roppolo ("Roppolo"), Individually, filed a motion for summary judgment (Doc. 20). Counsel for The Prudential Insurance Company of America ("Prudential"), and Michael Miller, Curator Ad Hoc for the Interdict, Betty Jean Walker ("Walker"), have advised the Court that they have no opposition to the motion for summary judgment. A hearing before the Court was conducted September 10, 2020 (Doc. 24). On September 15, 2020, Roppolo, Individually and as Trustee of the Robert Lee Walker Testamentary Trust ("Walker Trust"), filed an Amended Motion for Summary Judgment (Doc. 25) ("Amended Motion"). By Notices dated September 17, 2020 (Doc. 26), and September 24, 2020 (Doc. 27), Walker and Prudential, respectively, informed the Court that those parties do not oppose the Amended Motion.

I.   FINDINGS OF FACT

The Court, having reviewed the Amended Motion and supporting documents, the Notices of Non-Opposition filed by Prudential and Walker, through her appointed Curator Ad Hoc, and the file, FINDS as follows:

1. Prudential issued and delivered to Robert Lee Walker (the "Insured") in Louisiana individual life insurance contract number 45422242 ("Policy A") and individual life insurance contract number 74009208 ("Policy B"), both of which provided life insurance coverage on the Insured.

2. At all times relevant, the Insured received Veterans Group Life Insurance ("VGLI") coverage under the SGLI Plan ("VGLI Coverage"), which was issued by Prudential, through the Office of Servicemembers' Group Life Insurance ("OSGLI"), provides Group Life insurance benefits pursuant to the SGLI statute, 38 U.S.C. 1965 *et seq*., to the United States Department of Veterans Affairs under group policy number G-32000 ("SGLI Plan").

3. The Insured died on February 17, 2019 and certain death benefits became due, for which Prudential has conceded liability.

4. Walker was the designated beneficiary of record for Policy A and Policy B and the VGLI Coverage at the time of the Insured's death.

5. Walker has been criminally charged with Second Degree Murder in connection with the death of the Insured.

6. The Policy A and Policy B contracts each provide that the death benefits are payable to the Insured's Estate if there is no surviving designated beneficiary or wife of the Insured.

7. By Judgment of Possession dated July 23, 2019 ("Judgment of Possession"), the 26th Judicial District Court for Bossier Parish in the matter entitled, *Succession of Robert Lee Walker*, and identified by case number P-21649, section 3, declared that Michelle Roppolo was the sole legatee of the Estate of Robert Walker and that, *inter alia*, all monies and things of value

held by any insurance companies and due to the Estate should be delivered to Michelle Roppolo, as Trustee of the Robert Walker Testamentary Trust.

8.    On or about August 7, 2019, the Twenty-Sixth Judicial District Court for the Parish of Bossier in the State of Louisiana in the matter captioned, *In re Interdiction of Betty Jean Walker*, and bearing Docket Number C-159864, (the "Interdiction Action") ordered that Walker be placed under a full interdiction.

9.    By Order dated July 20, 2020, the Court in the Interdiction Action appointed Michael Miller as Curator Ad Hoc to represent the interests of Walker in this Interpleader Action.

10.   Based on the summary judgment evidence presented, it is held that: the Insured has one surviving child: Roppolo, individually. The Insured had one other child, Robert L. Walker, II, who predeceased the Insured and left no descendants; Walker participated in the intentional, unjustified killing of the Insured; and Walker intentionally and wrongfully killed the Insured.

## II.   CONCLUSIONS OF LAW

1.    As individual policies issues and delivered in the state of Louisiana, Policy A and Policy B are governed by the Louisiana Slayer Statute, La. R.S. § 22:901(D), which provides in relevant part:

> (1) No beneficiary, assignee, or other payee under any personal insurance contract shall receive from the insurer any benefits under the contract accruing upon the death, disablement, or injury of the individual insured when the beneficiary, assignee, or other payee is either:
>
> … (b) Judicially determined to have participated in the intentional, unjustified killing of the individual insured.

2. Because Walker participated in the intentional, unjustified killing of the Insured, she is disqualified from receiving the Policy A and Policy B death benefits pursuant to La. R.S. § 22:901(D).

3. As a result of Walker's disqualification, pursuant to the terms of the Policy A and Policy B contracts and the Judgment of Possession, the death benefits due under those policies are payable to Roppolo, as Trustee of the Walker Trust.

4. The VGLI Coverage is governed by the SGLI Statute and applicable SGLI regulations.

5. The SGLI Slayer Regulation, 38 C.F.R. § 9.5(e), prohibits payment of "proceeds payable because of the death of an individual insured under Servicemembers' Group Life Insurance" to:

> (i) a person who is convicted of intentionally and wrongfully killing the decedent or determined in a civil proceeding to have intentionally and wrongfully killed the decedent; …

*38 C.F.R. § 9.5(e)(1) and (2).*

6. Because Walker intentionally and wrongfully killed the Insured, she is disqualified from receiving the SGLI death benefit pursuant to 38 C.F.R. § 9.5 (e)(1) and (2).

7. As a result of Walker's disqualification, the SGLI death benefit would be payable to Roppolo, Individually, as the Insured's only child, pursuant to *38 C.F.R. §9.5 (e)(4)(i)*, which provides, in relevant part:

> [VGLI] proceeds … not payable under paragraphs (e)(1) and (e)(2) of this section shall be payable to the first person or persons listed in paragraphs (e)(4)(i)(A) through (F) of this section who are surviving on the date of the decedent's death in the following order of precedence:
>
> (A) To the next eligible beneficiary designated by the decedent … in a writing received by the administrative office defined in §

4

    9.1(b) of this part before the decedent's death in the case of Veterans' Group Life Insurance proceeds;

    (B) To the decedent's widow or widower;

    (C) To the decedent's child or children, in equal shares, and descendants of deceased children by representation; …

II.  ORDER

Now therefore, IT IS ORDERED, ADJUDGED AND DECREED that Roppolo's Amended Motion for Summary Judgment is hereby GRANTED;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, upon receipt of a completed IRS form W-9 from the payee, Prudential shall distribute to counsel for Roppolo a check payable to "Michelle Roppolo, Trustee of the Robert Lee Walker Testamentary Trust" and equal to the sum of $17,014.61, representing the death benefits due as a result of the death of the Insured pursuant to Policy A, plus applicable interest;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, upon receipt of a completed IRS form W-9 from the payee, Prudential shall distribute to counsel for Roppolo a check payable to "Michelle Roppolo, Trustee of the Robert Lee Walker Testamentary Trust" and equal to the sum of $66,422.00, representing the death benefits due as a result of the death of the Insured pursuant to Policy B, plus applicable interest;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, upon receipt of a completed IRS form W-9 from the payee, Prudential shall distribute to counsel for Roppolo a check payable to "Michelle Roppolo" and equal to the sum of $50,000.00, representing the life insurance proceeds due as result of the death of the Insured pursuant to the SGLI Plan, plus applicable interest;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, upon payment of the proceeds described above, Prudential shall be discharged of all liability in connection with Policy

A, Policy B, the Insured's coverage under the SGLI Plan (together, the "Policies") and the death benefits and interest due under the Policies (together, the "Death Benefits") and all claims, rights, interests and actions that Defendants might otherwise have held against Prudential and its present and former parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators, with respect to the Death Benefits and/or the Policies are hereby released;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendants are hereby permanently enjoined from bringing any action or proceeding in any forum, or making any further actual or implied claims, demands and causes of action, asserted or unasserted, liquidated or unliquidated, or bringing any action or proceeding in any forum against Prudential, arising out of or in connection relating to the Death Benefits and/or the Policies; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, upon notice to the Court that the Death Benefits have been distributed as described above, this action shall be dismissed with prejudice, without fees or costs to any party. If no notice is received, this matter will be dismissed automatically in 120 days.

Shreveport, Louisiana, this ___1st___ day of October, 2020.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE